**Aaron ROMANO and Cynthia Fernandez–Romano, Plaintiffs–Appellants,**

**v.**

**Duane J. TINE and Dustin J. Rendock, Defendants–Appellees.**

No. 01–9387.

United States Court of Appeals, Second Circuit.

April 2, 2003.

David Toro, New Haven, Connecticut, for Appellant.

Ralph W. Johnson, III, Halloran & Sage LLP, Hartford, Connecticut, for Appellee.

PRESENT: FEINBERG, VAN GRAAFEILAND, and F.I. PARKER, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 2nd day of April, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiffs-appellants Aaron Romano and Cynthia Fernandez–Romano allege a number of violations of their civil rights stemming from defendant police officers' investigation of a report of suspected domestic abuse at their apartment, and defendants' subsequent arrest of Aaron.

The district court granted summary judgment to defendants on each of plaintiffs' claims because it found that defendants did not violate plaintiffs' rights even viewing the evidence in the light most favorable to plaintiffs. In the alternative, the district court held that defendants were entitled to qualified immunity on each of plaintiffs' claims. Plaintiffs, however, have only challenged the first holding.

In general, where a district court's ruling is not challenged in an appellant's briefs on appeal, this court considers any appeal of that ruling to be waived. *See Weinstein v. Albright,* 261 F.3d 127, 134, n. 3 (2d Cir.2001); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998). "While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.' " *LNC Investments, Inc. v. National Westminster Bank,* 308 F.3d 169, 176, n. 8 (2d Cir.2002). In this case, an exception is not necessary to prevent manifest injustice. Plaintiffs are both attorneys and are represented by counsel. Moreover, they not only fail to make any argument that the district court erred by finding that defendants were entitled to qualified immunity, but they do not even mention that they are challenging this ruling or otherwise discuss qualified immunity in either their original brief or in their reply brief. This is particularly notable given that defendants' brief argues that plaintiffs waived several of their claims by not raising qualified immunity as an issue. Accordingly, plaintiffs have waived their challenge to the district court's decision dismissing their complaint by failing to address the qualified immunity ground on which that decision was based.

For the foregoing reasons, the judgment of the district court is AFFIRMED.